## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY SHRONE PERSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-23-0695-HE |
| ) | |
| RAMONA M. JONES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### **ORDER**

Petitioner Anthony Shrone Person, a Washington state prisoner appearing *pro se*, filed a document purporting to commence criminal proceedings in this jurisdiction pursuant Fed.R.Crim.P. 3 & 4.  The document was interpreted as a petition for habeas relief pursuant to § 2254, and the matter was referred to Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) for initial proceedings.  Upon initial review, Judge Erwin issued a Report and Recommendation recommending that the case be dismissed for lack of jurisdiction.  Petitioner has objected to the Report triggering *de novo* review of matters to which objection has been raised.

The Report recommends the petition be dismissed as a second or successive habeas petition filed without approval from the appropriate court of appeals.  Petitioner objects to the Report arguing that what was filed is not a habeas petition, but rather a criminal complaint.  As a private citizen, however, petitioner lacks standing to successfully pursue a criminal complaint.  See Diamond v. Charles, 476 U.S. 54, 64 (1986) ("[A] private citizen

lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quotations and citations omitted).

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #4]. Petitioner's filing [Doc. #1], whether construed as a motion to commence criminal proceedings or as a habeas petition, is **DISMISSED** without prejudice but without leave to amend.

**IT IS SO ORDERED**.

Dated this 31st day of August, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE